**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRANDEN R. RUTLAND,

                    Plaintiff,

       - v -                                    Civ. No. 1:15-cv-448
                                                                (LEK/RFT)

LOWE'S HOME CENTER'S LLC; SOUTHERN
NEW HAMPSHIRE UNIVERSITY; THE STATE
OF NEW YORK

                    Defendants.

**APPEARANCES:**                                                      **OF COUNSEL:**

BRANDEN R. RUTLAND
*Pro se* Plaintiff
33 Hummel Road
New Paltz, NY 12561

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### Report-Recommendation and ORDER

      On April 15, 2015, *pro se* Plaintiff Branden R. Rutland filed this action, in which he alleges that he was discriminated against by Lowe's Home Center's LLC, Southern New Hampshire University, and New York State, Dkt. No. 1, Compl., along with his Application for Leave to Proceed *In Forma Pauperis* ("IFP"), Dkt. No. 2, IFP Appl., and a Motion to Appoint Counsel, Dkt. No. 3, Mot. to Appoint Counsel.

After reviewing Plaintiff's IFP Application, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*. Now, in accordance with 28 U.S.C. § 1915(e)(2), the Court will *sua sponte* review the sufficiency of the Complaint.

## I. DISCUSSION

### A. Standard of Review

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with the action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

However, when a Complaint is facially frivolous it may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Supreme Court has stated that a complaint is frivolous when "it lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To be sure, the *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegation and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. at 327 (quoted in *Denton v. Hernandez*, 504 U.S. at 32). Claims that are factually frivolous can be described as "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. at 33. This is unsurprising as "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.*; *Nance v. Kelly,* 912 F.2d at 606 (factual contentions are clearly baseless

when the allegations are the product of delusion or fantasy); *Montgomery v. United States,* 2013 WL 9380339, at *4 (N.D.N.Y. Mar. 11, 2013) (citing to *Denton v. Hernandez*, 504 U.S. at 33 and *Neitzke v. Williams*, 490 U.S. at 325).

### B. Plaintiff's Complaint

Plaintiff's Complaint consists of eighty-six typed pages. *See generally* Compl. In support of his assertions, Plaintiff has submitted exhibits in an attempt to define or explain terms that he references throughout his Complaint. Dkt. Nos. 1-1, 1-2, 1-3, & 1-4. The exhibits in total amount to one hundred and eighteen pages.

Plaintiff alleges that an unknown party is either acting alone or on the behalf of Lowe's Home Center's LLC to discriminate against African Americans. Compl. at p. 5. From 2008 to 2011, Plaintiff was an employee at Lowe's Home Center's LLC. *Id.* at p. 9. This unknown party was using "invasive technology and material" and "radiological dispersal weapons"[1] to force him to quit his job. *Id.* at pp. 11 & 14. As a result, he resigned from his position on November 1, 2013. *Id.* at p. 12.

In 2014, he filed a complaint with the New York State Division of Human Rights ("NYSHR") against the company for employment discrimination.[2] *Id.* at p. 5. He claims that he filed the NYSHR Complaint due to the racial remarks he suffered

---

[1] Plaintiff claims that he "was being assaulted by radiological dispersal weapons since 2012, it is thermal, conductive and painful. Muscles contract and spasm and the skin gets irritated when they hit specific areas. [And] [t]hat was used as punishment and torture at Lowes[.]" Dkt. No. 1, Compl., at p. 14.

[2] A copy of the NYSHR Complaint is not included in Plaintiff's exhibits.

at work. *Id.* at pp. 15 & 16. According to the Complaint filed herein, the remarks appear to revolve around a concern that Plaintiff was a potential danger to employees and/or mentally unstable. *Id.* at p. 17. In the NYSHR Complaint, Plaintiff alleged that Lowe's Home Center's LLC discriminated against him by providing him with extra duties, scheduling him when he was unavailable, and assigning duties unrelated to his department such as when he had to do "entire parking lots of carts." *Id.* at p. 18. That action was subsequently dismissed, and on November 24, 2014, he received a right-to-sue letter from the Equal Employment Opportunity Commission. *Id.* at p. 5. Plaintiff claims that he has since lost his right-to-sue letter. *Id.* at p. 24.

In 2012, Plaintiff enrolled in Southern New Hampshire University, an online college. Plaintiff claims that the unknown party was harassing him via "LRAD sound"[3] to interfere with his education, and this was done out of "great prejudice and on the behalf of the [University]." *Id.* at p. 33. Plaintiff also states he is suing Southern New Hampshire University "because they were involved in my life at the time" he was being tortured by this unknown party through deep wave stimulation and other invasive technology. *Id.* at p. 26.

Although Plaintiff has also filed this action against New York State, the facts alleged in the Complaint concern his interaction with the Federal Bureau of

---

[3] Plaintiff claims he hears loud voices through his open window and this is essentially a long range acoustic weapon used by law enforcement. Compl. at p. 36.

Investigations in its New York City office. *See id.* at p. 48. In particular, Plaintiff's allegation of discrimination against New York State stems from the Bureau's refusal to investigate his various complaints that an unknown party has been communicating with him *via* deep brain stimulation and harassing him with LRAD technology. *See generally* Compl.

Despite liberally construing Plaintiff's Complaint, it is clear that the gravamen of his claim is that a unknown party[4] has been communicating with him and torturing him *via* deep brain stimulation as a form of discrimination. *See generally id.*; Dkt. No. 1-1, Ex. A-Pt. 1, Defining the Torture and Hate Crime, at p. 1. Because the Court finds Plaintiff's alleged facts wholly fantastical, we recommend **dismissing** the Complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), on the basis of factual frivolity.

For this reason, the Court also denies Plaintiff's Motion to Appoint Counsel. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986) (a threshold requirement to appointment of counsel is "whether the indigent's position seems likely to be of substance").

## II. CONCLUSION

**WHEREFORE**, it is hereby

---

[4] Plaintiff states that he believes "a contracted party, military, government or private is mediating for the benefit of acts against humanity on African Americans." Compl. at p. 7.

**ORDERED**, that Plaintiff's Application for Leave to Proceed with this Action *In Forma Pauperis*, (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 3) is **DENIED**; and it is further

**RECOMMENDED**, that this action be **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date: August 12, 2015
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge